IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| REGINA BOSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:18-CV-00155-MOC-DCK ) |
| CAPITAL ONE AUTO FINANCE, INC., | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF AMENDED COMPLAINT

Defendant Capital One Auto Finance, a division of Capital One, N.A., incorrectly identified in the Amended Complaint as Capital One Auto Finance, Inc. ("COAF"), respectfully submits this Reply Brief in support of its Motion for Partial Dismissal of the Amended Complaint of Plaintiff Regina Boston ("Plaintiff"). In support thereof, COAF states as follows:

### I. INTRODUCTION

COAF filed a Motion for Partial Dismissal of Amended Complaint ("Motion") seeking dismissal of Count II and Count II[1] of Plaintiff's Amended Complaint entitled "Violations of N.C. Gen. Stat § 75-1.1, NCDCA" and "Violations of FDCPA." Plaintiff's Memorandum in Opposition to Defendant's Partial Motion to Dismiss ("Response") does nothing to rebut the fact that her claims pursuant to the NCDCA and FDCPA should be dismissed as a matter of law. Regarding Plaintiff's NCDCA claim, the Response explains that Plaintiff mistakenly asserted her

---

[1] COAF notes that there are two (2) claims labeled as "Count II" in Plaintiff's Amended Complaint. Capital One is moving to dismiss both Plaintiff's claim under the North Carolina Debt Collection Act ("NCDCA") and her claim under the Federal Debt Collection Act ("FDCPA.")

claim under the wrong section. However, Plaintiff fails to address the fact that the allegations in her Amended Complaint are conclusory and therefore still insufficient to state a claim.

Additionally, COAF's Motion explained that as a creditor, COAF was exempt from FDCPA liability because the FDCPA applies only to debt collectors. Plaintiff's Response admits that COAF is a creditor, and she sets forth no allegations that COAF is a debt collector as defined by the FDCPA. As such, the FDCPA is inapplicable to COAF, and Plaintiff's FDCPA claim must be dismissed.

Further, Plaintiff's Response does not deny that the Amended Complaint does not allege a single FDCPA violation within the one year statute of limitations. Instead, Plaintiff argues that her FDCPA claim should not be dismissed for this reason because the discovery process may possibly provide evidence of calls within the statute of limitations. However, this argument completely ignores pleading requirements. Plaintiff's FDCPA claim is time barred and must be dismissed.

Accordingly, for the reasons set forth more fully below, COAF respectfully requests the Court enter an Order dismissing Count II (NCDCA) and Count II (FDCPA) of Plaintiff's Amended Complaint in their entirety.

## II. ARGUMENT

A. **Plaintiff Has Asserted Conclusory Allegations as to Her NCDCA Claim, and Plaintiff Cannot Cure the Pleading Deficiencies of Her Amended Complaint Through Her Response.**

In her Response, Plaintiff states that instead of asserting a claim under N.C. Gen. Stat. § 75-52(b), which does not exist, Plaintiff meant to cite N.C. Gen. Stat. § 75-52(3). (*See* Response ¶ 7). However, this clarification does not address the fact that Plaintiff's NCDCA claim should still fail because she has asserted only conclusory allegations in support of such claim. *See Hilliard v. Vilsack*, No. 5:1O-CV-202-BO, 2011 WL 474588, at *4 (E.D.N.C. Feb. 4, 2011) ("At

the pleading stage, the plaintiff is required to allege facts that support each of his various claims, rather than merely offering labels and conclusory allegations."); *see also Bryant v. Wells Fargo Bank, Nat. Ass'n*, 861 F. Supp. 2d 646, 653 (E.D.N.C. 2012) (dismissing plaintiff's NCDCA claim because "[a] "conclusory statement" … coupled with "threadbare recitals of the elements of ... cause[s] of action" does not state a claim upon which relief can be granted."). Even in her Response, Plaintiff still asserts conclusory statements containing only the elements of an NCDCA claim. (*See* Response ¶¶ 18.a. and 18.b.).

Moreover, because the purpose of a motion to dismiss is to test the sufficiency of the complaint, Plaintiff cannot cure the deficiencies of her Amended Complaint through her Response. *See Randall v. U.S.,* 30 F.3d 518, 522 (4th Cir. 1994); *see also Aerospace Mfg., Inc. v. Clive Merch. Grp., LLC,* 1:05CV00597, 2006 WL 1476906, at *4 n. 4 (M.D.N.C. May 23, 2006) ("[T]he Court cannot rely on facts alleged in a Plaintiff's response brief when evaluating the legal sufficiency of a complaint on a motion to dismiss."); *see also Beck v. City of Durham,* 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000) ("Because the Court's consideration of Defendants' Motions to Dismiss is limited to the allegations stated in the Complaint, Plaintiff cannot attempt to create claims ... in his response to Motions to Dismiss."). Therefore, Plaintiff's attempt to set forth new allegations and facts in her Response will not save the inadequate pleading in her Amended Complaint. Thus, COAF respectfully asks this Court to dismiss Plaintiff's NCDCA claim because it does not properly state a claim for relief.

**B.**     **Plaintiff Admits That COAF Is a Creditor, Rather Than a Debt Collector, and Plaintiff Cannot Rely on the Discovery Process to Provide Evidence to Build Her Case.**

Nowhere in Plaintiff's Amended Complaint or Response does she allege any facts to suggest COAF is a debt collector as defined by the FDCPA, nor does Plaintiff refer to any other party that allegedly originated her auto loan or to whom she made payments on her auto loan. In

response to COAF's argument that it is a creditor and not a debt collector subject to the FDCPA, Plaintiff states merely that COAF "listed itself" as creditor on her auto loan. (*See* Response ¶ 16). Then, in her very next sentence, Plaintiff admits that "Plaintiff counsel infers that Defendant is a creditor."[2] (*See* Response ¶ 17). Plaintiff's Response further alleges that she made payments on the auto loan directly to COAF. (*See* Response ¶ 18.c.; Am. Compl. ¶ 9). As explained in COAF's Motion, creditors are exempt from liability under the FDCPA because the FDCPA applies to debt collectors. *See Bledsoe v. Ocwen Loan Servicing, LLC*, No. 5:12-CV-00021-WW, 2013 WL 12110072, at *8 (E.D.N.C. Feb. 1, 2013) ("Thus, 'the law is well-settled ... that creditors … are not debt collectors and are statutorily exempt from liability under the FDCPA.'") Plaintiff's own assertions support only a conclusion that COAF is a creditor, rather than a debt collector, and serve as additional grounds for dismissal of Plaintiff's FDCPA claim against COAF.

Plaintiff cites two cases that purportedly support her argument that COAF should be subject to the FDCPA. Importantly, however, both of these cases are completely distinguishable from the present set of facts, and fail to provide any support for Plaintiff's FDCPA claim. The first, *Bridge v. Ocwen Federal Bank, FSB*, explains that whether an assignee, who did not originate the loan but acquired the debt later, is a debt collector depends on the default status of the debt at the time it was acquired. 681 F.3d 355, 359 (6th Cir. 2012). Neither Plaintiff's Amended Complaint nor her Response, however, mentions any other party to whom Plaintiff made auto loan payments; Plaintiff's allegations indicate she only made payments to COAF. (*See* Response ¶ 18.c.; Am. Compl. ¶ 9). Similarly, nothing in Plaintiff's Amended Complaint or Response alleges that any party other than COAF was the original creditor of her auto loan.

---

[2] COAF notes that since it is unaware of any counsel representing Plaintiff, COAF assumes Plaintiff is referring to herself as "Plaintiff's counsel."

Rather, Plaintiff admits that COAF was listed as the "creditor and lender of funds" when she originally purchased the subject vehicle in 2012. (*Id.*) As such, *Bridge* is simply immaterial and unpersuasive to the facts currently before the Court.

The second case cited by Plaintiff, *Wilson v. Draper & Goldberg, P.L.L.C.*, involved a law firm that initiated foreclosure proceedings on a lender's behalf. 443 F.3d 373, 374 (4th Cir. 2006). In regards to the FDCPA, the *Wilson* case discusses a fiduciary exception contained in § 1692a(6)(F)(i). *Id.* at 377. Not only are the facts completely different, but nowhere in COAF's Motion does it claim that COAF should benefit from this fiduciary exception. Clearly the analysis contained in the *Wilson* case is irrelevant.

In other words, Plaintiff's Response provides no argument or evidence to change the fact that COAF is not a debt collector and is therefore exempt from liability under the FDCPA. *See Smallwood v. Irwin Mortg. Co.*, No. 5:12-CV-47-BO, 2013 WL 4735877, at *3 (E.D.N.C. Sept. 3, 2013) (holding plaintiff's FDCPA claim failed as a matter of law because "15 U.S.C. § 1692 is designed to protect individuals from third-party debt collectors. 1692 does not apply to creditors attempting to collect a debt actually owed to them. Because [defendant] was a creditor acting to collect a debt actually owed to it, the FDCPA is not applicable."). As such, Plaintiff's FDCPA claim must be dismissed.

Plaintiff also argues that it is too early to dismiss her claims as outside the applicable one year statute of limitations because discovery could potentially reveal calls within the statute of limitations. (*See* Response, ¶ 8). However, "[a] Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint." *Oketch v. JPMorgan Chase & Co.*, No. 3:12-CV-00102, 2012 WL 2155049, at *2 (W.D.N.C. June 13, 2012). As correctly stated by Plaintiff in her Response, in order to survive a motion to dismiss, a complaint must allege sufficient facts to

"state a claim to relief that is plausible on its face." (*See* Response ¶ 13); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court went on to explain that the "facial plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Holmes v. Bank of Am., N.A.*, No. 3:12-CV-00487-MOC, 2013 WL 2317722, at *5 (W.D.N.C. May 28, 2013) ("While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level.") (internal citations omitted).

Plaintiff's Response relies on the mere possibility that the discovery process might reveal calls that fall within the statute of limitations. (*See* Response, ¶ 8). However, Plaintiff should not be allowed to initiate this lawsuit on speculation in hopes that the discovery process will build her case and provide the evidence she needs to prove her claims. Therefore, because Plaintiff's Amended Complaint does not allege any FDCPA violations that occurred in the year preceding the filing of this lawsuit, Plaintiff's FDCPA claim is time barred by the statute of limitations and must be dismissed. *See Brooks-McCollum v. Aspen Prop. Mgmt. Co.*, 551 F. App'x 677, 680 (4th Cir. 2014) (affirming dismissal of plaintiff's FDCPA claim where "Plaintiff's amended complaint did not allege any violations of the FDCPA that occurred within one year of the [p]laintiffs' filing of the instant action.").

## CONCLUSION

For all of the above reasons, COAF respectfully requests that the Court enter an Order dismissing Count II (NCDCA) and Count II (FDCPA) of Plaintiff's Amended Complaint with prejudice in their entirety.

Respectfully submitted this 25th day of June, 2018.

        *s/ Kristen P. Watson*
        Kristen P. Watson (NC Bar No. 51410)
        BURR & FORMAN LLP
        420 North 20th Street, Suite 3400
        Birmingham, Alabama  35203
        Telephone: (205) 251-3000
        Facsimile: (205) 458-5100
        Email: kwatson@burr.com

        Attorney for Defendant
        CAPITAL ONE AUTO FINANCE, A DIVISION OF
        CAPITAL ONE, N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 25th day of June, 2018:

Regina Boston
8611 Concord Mills Boulevard, #176
Concord, NC 28027

        *s/ Kristen P. Watson*
        Kristen P. Watson

31812132 v1

7

Case 3:18-cv-00155-MOC-DCK   Document 13   Filed 06/25/18   Page 7 of 7