IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| REGINA BOSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 3:18-CV-00155-MOC-DCK ) |
| CAPITAL ONE AUTO FINANCE, INC., | ) ) |
| Defendant. | ) ) |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE OR DISREGARD PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT**

Defendant Capital One Auto Finance, a division of Capital One, N.A., incorrectly identified in the Amended Complaint as Capital One Auto Finance, Inc. ("COAF"), respectfully submits this Brief in support of its Motion to Strike or Disregard Plaintiff's Reply to Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint ("Motion to Strike or Disregard"). In support thereof, COAF states as follows:

**I. INTRODUCTION**

Plaintiff's most recent filing ("Surreply") is her second response to COAF's Motion for Partial Dismissal of Amended Complaint ("MTD"), making it a surreply. The Local Rules for the Western District of North Carolina do not allow for surreplies to be filed in this Court. *See* LCvR 7.1(e). To the extent the Court does consider the filing of surreplies, Plaintiff has not properly requested leave to do so. *Id.*

Additionally, Plaintiff's Surreply is without merit because it attempts to assert new facts and claims for the first time, which is improper. Further, Plaintiff's arguments that actually address the issues raised in COAF's MTD and Reply in Support of its Motion for Partial

Dismissal of Amended Complaint ("Reply") are unfounded and irrelevant, and therefore do not save Plaintiff's claims from dismissal[1].

Accordingly, for the reasons set forth more fully below, COAF respectfully requests the Court strike Plaintiff's Surreply. In the alternative, COAF respectfully requests the Court disregard Plaintiff's Surreply in ruling on COAF's MTD.

## II. ARGUMENT

### A. Plaintiff's Surreply Should Be Stricken Because It Is an Improper Filing Under the Local Rules.

Plaintiff filed the Amended Complaint at issue on May 17, 2018. [Doc. 7]. COAF responded by filing its MTD, moving to dismiss Plaintiff's claims pursuant to the FDCPA and NCDCA. [Doc. 9]. Then, Plaintiff filed her Memorandum in Opposition to Defendant's Partial Motion to Dismiss ("Response") on June 18, 2018. [Doc. 11], and COAF filed its Reply on June 25, 2018. [Doc. 13]. Therefore, Plaintiff's second response filed on July 9, 2018, although labeled "Plaintiff's Reply to Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint," is actually a surreply. [Doc. 15].

The Western District of North Carolina Local Rule 7.1(e) states that "[s]urreplies are neither anticipated nor allowed by this Rule, but leave of Court may be sought to file a surreply when warranted." W.D.N.C. LCvR 7.1(e). While the rule anticipates possible circumstances where filing a surreply may be warranted, Plaintiff has not followed the proper procedures for seeking such an opportunity as no leave of court has been requested[2]. *See id.* As such, the Court

---

[1] COAF notes that this Motion to Strike or Disregard does not address the section of Plaintiff's Surreply directed at her NCDCA claim. (*See* Surreply, p. 6-7). This section of Plaintiff's Surreply is nearly verbatim of the assertions made in Plaintiff's Response to COAF's MTD, and COAF has already properly addressed such arguments in its Reply.

[2] Even if leave had been requested, the Court should still not consider Plaintiff's Surreply because (i) COAF did not raise any new arguments in its Reply that would require further

should strike Plaintiff's Surreply as an improper filing. *See Malone v. Tamko Roofing Prod. Inc.,* No. 3:13-CV-00089-MOC, 2013 WL 5561628, at *1 (W.D.N.C. Oct. 8, 2013) ("Inasmuch as a surreply is not allowed by the Local Civil Rules (*see* LCvR 7.1) and leave was not sought to file such pleading, it will be stricken."); *F.D.I.C. v. Cashion*, No. 1:11CV72, 2012 WL 1098619, at *3 (W.D.N.C. Apr. 2, 2012), *aff'd*, 720 F.3d 169 (4th Cir. 2013) ("The Defendant, however, did not seek leave of Court before filing his surreply brief. As such, his brief and any documents filed in support thereof are subject to being stricken from the record as improperly filed."). In the alternative, COAF respectfully asks the Court to disregard Plaintiff's Surreply in ruling on COAF's MTD. *See DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010) ("Because Federal Rule of Civil Procedure 12(f) applies to pleadings, however, the court will not strike the surreply (Doc. 12) but will simply not consider it and its attachments.").

B.  **Plaintiff's Surreply Is Substantially Without Merit Because She Cannot Assert New Claims or New Allegations in a Surreply.**

Plaintiff's Surreply is filled with allegations that are being asserted for the first time in this proceeding. However, as addressed in COAF's Reply, the purpose of a motion to dismiss is to test the sufficiency of the complaint, and Plaintiff cannot incorporate new claims and new allegations through her responses to COAF's MTD. *See Randall v. U.S.,* 30 F.3d 518, 522 (4th Cir. 1994); *see also Aerospace Mfg., Inc. v. Clive Merch. Grp., LLC,* 1:05CV00597, 2006 WL 1476906, at *4 n.4 (M.D.N.C. May 23, 2006) ("[T]he Court cannot rely on facts alleged in a Plaintiff's response brief when evaluating the legal sufficiency of a complaint on a motion to dismiss."); *see also Beck v. City of Durham,* 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000) ("Because the Court's consideration of Defendants' Motions to Dismiss is limited to the

---

response from Plaintiff, and (ii) Plaintiff's Surreply attempts to improperly raise new facts and claims.

allegations stated in the Complaint, Plaintiff cannot attempt to create claims . . . in his response to Motions to Dismiss."). Therefore, Plaintiff's attempt to set forth new claims and facts in her Surreply is improper, and the Surreply should be stricken or disregarded when ruling on COAF's MTD.

C. **Even if Properly Before the Court, Plaintiff's Arguments Addressing the Issues Raised in COAF's MTD and Reply Are Still Unfounded and Irrelevant.**

   1. **Plaintiff's argument that COAF is a debt collector is unsupported by law.**

Plaintiff continues to dispute COAF's status as a creditor; however, none of Plaintiff's arguments are valid. For example, Plaintiff states that COAF must be a debt collector because it did not provide her information proving it was her creditor. (*See* Surreply, p. 2). However, it is Plaintiff, not COAF, who bears the burden of sufficiently alleging COAF is a debt collector, something Plaintiff has not done and cannot do because COAF is a creditor. *See Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011) ("To prevail on a FDCPA claim, a *plaintiff* must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) *the defendant is a debt collector as defined by the FDCPA*, and (3) the defendant engaged in an act or omission prohibited by the FDCPA.") (emphasis added); *see also Davis Lake Cmty. Ass'n, Inc. v. Feldmann*, 138 N.C. App. 292, 295, 530 S.E.2d 865, 868 (2000) ("The FDCPA thus only applies to those who regularly collect debts on behalf of others; it does not apply to creditors trying to collect their own debts.").

Plaintiff's reliance on *Henson v. Santander Consumer USA Inc.,* 137 S. Ct. 1718, 1721, 198 L. Ed. 2d 177 (2017), in support of her argument is misplaced. (*See* Surreply, p. 2.) In fact, the *Henson* case actually further supports and confirms COAF's position that it is a creditor not subject to the FDCPA. In the *Henson* case, the Supreme Court states:

> After all, the Act defines debt collectors to include those who regularly seek to collect debts 'owed ... another.' And by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself… All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for "another."

*Henson,* 137 S. Ct. at 1721. Plaintiff has not alleged any facts whatsoever to suggest that her auto loan payments were actually due to a third party or that COAF was collecting payments due to a third party. Therefore, the *Henson* case further enforces COAF's argument that it is not a debt collector and cannot trigger FDCPA liability.

Lastly, Plaintiff appears to allege that Plaintiff potentially meets the definition of debt collector "for purposes of a specific subsection of the FDCPA (Section 1692f(6))". (*See* Surreply, p. 3). However, Plaintiff has not alleged a claim pursuant to 15 U.S.C. 1692f(6), nor has she alleged any facts that would support a claim under that section. Therefore, this argument is completely irrelevant.

### 2. Plaintiff's FDCPA claim is time barred by the statute of limitations.

Next, Plaintiff argues that her FDCPA claim is not barred by the statute of limitations. Again, this argument is without merit because Plaintiff's Amended Complaint does not allege any communications occurring within the applicable one-year statute of limitations. *See* 15 U.S.C. § 1692k ("An action to enforce any liability created by this subchapter may be brought … within one year from the date on which the violation occurs."). Moreover, as stated above, Plaintiff cannot assert new facts for the first time in this, or any other, response to COAF's MTD. *See Aerospace Mfg., Inc.,*. 2006 WL 1476906 at *4 n.4 ("[T]he Court cannot rely on facts alleged in a Plaintiff's response brief when evaluating the legal sufficiency of a complaint on a motion to dismiss.").

Plaintiff cites two cases that purportedly support her argument that her FDCPA claim is not time barred, both of which discuss application of the discovery rule to FDCPA claims. In the first case, *Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013), the plaintiffs were filing an FDCPA claim based on apparent fraud in connection with a foreclosure action. *Lembach* at 302. The court held that because the fraudulent acts were concealed and plaintiff had no way of knowing about the fraud until the foreclosure action was filed, the statute of limitations would not start running until the fraud was discoverable. *Id.* The *Lembach* case is clearly distinguishable and has no relation to the facts before us.

In the second case, *Mangum v. Action Collection Service, Inc.*, 575 F.3d 935 (9th Cir. 2009), plaintiff was investigated by her employer for writing bad checks. Not until much later when plaintiff was confronted in an interview did she become aware that certain debt collection agencies had provided her debt information to her employer, which plaintiff never authorized. *Id.* at 938. The court held that in applying the discovery rule, the statute of limitations did not begin to run until plaintiff became aware that her information had been wrongfully shared with her employer. *Id.* at 941.

To the contrary here, Plaintiff is basing her FDCPA claim upon purported communications and calls made directly *to Plaintiff*, of which she would and must have been aware at the time they occurred. As such, neither of the cases cited by Plaintiff support her argument that the statute of limitations does not bar her FDCPA claim. As previously established in COAF's MTD and Reply in support, Plaintiff's FDCPA allegations in the Amended Complaint are time-barred, and her FDCPA claim should be dismissed accordingly.

## CONCLUSION

For all of the above reasons, COAF respectfully requests that the Court strike Plaintiff's Surreply. In the alternative, COAF respectfully asks this Court to disregard Plaintiff's Surreply in ruling on COAF's MTD.

Respectfully submitted this 17th day of July, 2018.

*s/ Kristen P. Watson*
Kristen P. Watson (NC Bar No. 51410)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: kwatson@burr.com

Attorney for Defendant
CAPITAL ONE AUTO FINANCE, A DIVISION OF
CAPITAL ONE, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 17th day of July, 2018:

Regina Boston
8611 Concord Mills Boulevard, #176
Concord, NC 28027

*s/ Kristen P. Watson*
Kristen P. Watson