IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-155-MOC-DCK

| | |
|---|---|
| REGINA BOSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER |
| CAPITAL ONE AUTO FINANCE, INC., | ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** regarding "Defendant's Motion For Partial Dismissal Of Complaint" (Document No. 9); *pro se* Plaintiff's "…Motion For Leave To File Amended Complaint" (Document No. 12); and "Defendant's Motion To Strike Or Disregard Plaintiff's Surreply To Defendant's Motion For Partial Dismissal Of Plaintiff's Amended Complaint" (Document No. 18). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will direct that the pending motions be <u>granted</u> in part and <u>denied</u> in part.

## BACKGROUND

*Pro se* Plaintiff Regina Boston ("Plaintiff" or "Boston") initiated this action with the filing of her "Complaint" (Document No. 1) against Defendant Capital One Auto Finance, Inc. ("Defendant" or "COAF") on March 28, 2018. The original Complaint asserts claims for violations of: (1) the Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii); and (2) the North Carolina Debt Collection Act – N.C.Gen.Stat. §58-70, *et seq*. (Document No. 1, pp. 4-6).

"Defendant's Motion For Partial Dismissal Of Complaint" (Document No. 4) was filed on April 30, 2018, seeking dismissal of Plaintiff's Count II claim for violations of the North Carolina Debt Collection Act. (Document Nos. 4 and 4-1). Plaintiff then timely filed a "Verified Amended Complaint" (Document No. 7) ("Amended Complaint") on May 17, 2018, and the Court, therefore, ordered that "Defendant's Motion For Partial Dismissal Of Complaint" (Document No. 4) be denied as moot. See (Document No. 8).

Plaintiff's Amended Complaint asserts claims for violations of: (1) the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331 ("TCPA"); (2) the North Carolina Debt Collection Act, § 75-1.1, *et seq*. ("NCDCA"); and (3) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). (Document No. 7, pp. 1, 5- 9).[1]

On May 31, 2018, Defendant's second "…Motion For Partial Dismissal Of Complaint" (Document No. 9) was filed, seeking dismissal of *both* claims labeled as "Count II." (Document Nos. 9 and 9-1). On June 18, 2018, "Plaintiff's Memorandum In Opposition To Defendant's Partial Motion To Dismiss" (Document No. 11) and "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 12) were filed with the Court. "Defendant's Reply Brief…" (Document No. 13) was filed on June 25, 2018; and then, without leave of the Court, Plaintiff filed a surreply – "Plaintiff's Reply To Defendant's Motion For Partial Dismissal Of Plaintiff's Amended Complaint" (Document No. 15) –on July 9, 2018.[2]

"Defendant's Response To Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 14) was filed on June 29, 2018, opposing the proposed amendment as futile. Defendant then filed its "…Motion To Strike Or Disregard Plaintiff's Surreply To Defendant's

---

[1] Plaintiff has labeled both her second and third claims as "Count II." (Document No. 7, pp. 7-8).

[2] "Surreplies are neither anticipated or allowed by this Rule, but leave of Court may be sought to file a surreply where warranted." Local Rule 7.1 (e).

2

Motion For Partial Dismissal Of Plaintiff's Amended Complaint" (Document No. 18) on June 17, 2017.

Most recently, *pro se* Plaintiff filed a "Notice Of Voluntary Dismissal Of Counts II and II Of Plaintiff's Amended Complaint and Motion For Leave To File" (Document No. 20). The Court construes this latest filing as Plaintiff's voluntary dismissal of the second and third claims in the Amended Complaint alleging violations of the North Carolina Debt Collection Act, § 75-1.1, *et seq*. and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"); as well as a withdrawal of "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 12). See (Document No. 20 and Document No. 7, pp. 1, 5- 9).

Based on the foregoing, there appears to be a consensus between the parties that the only remaining claim is Plaintiff's claim for violation of the Telephone Consumer Protection Act. See (Document No. 9; Document No. 20; and Document No. 7, pp. 1, 5- 9).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the

3

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

4

**DISCUSSION**

The undersigned finds that the complicated procedural history here has been simplified by Plaintiff's "Notice Of Voluntary Dismissal Of Counts II and II Of Plaintiff's Amended Complaint and Motion For Leave To File" (Document No. 20). Plaintiff's filing assists the Court in reaching an efficient resolution to the pending motion.

Based on the motions and the record, therefore, the undersigned will grant Defendant's motion for partial dismissal. The second and third claims of Plaintiff's Amended Complaint (Document No. 7) will be dismissed based on Defendant's arguments and Plaintiff's "Notice Of Voluntary Dismissal Of Counts II and II Of Plaintiff's Amended Complaint…" (Document No. 20).

Next, also based on Plaintiff's "Notice Of Voluntary Dismissal Of Counts II and II Of Plaintiff's Amended Complaint and Motion For Leave To File" (Document No. 20), Plaintiff's motion for leave to file an amended complaint can be denied as moot.

Finally, the undersigned will grant Defendant's motion to disregard Plaintiff's surreply. As noted above, surreplies are not allowed by the Local Rules unless a party secures leave of the Court.[3] See Local Rule 7.1(e).

In the interests of judicial economy and efficient case management, the undersigned will also direct that Plaintiff file a Second Amended Complaint. Plaintiff's Second Amended Complaint must be limited to her claim for violation of the Telephone Consumer Protection Act, and should address any clerical errors. Barring extraordinary circumstances, Plaintiff will <u>not</u> be allowed any further amendments of her claim.

---

[3] The undersigned observes that Plaintiff has filed numerous lawsuits in this Court and should be more familiar with the Local Rules. Plaintiff is respectfully advised that further failures to abide by the Local Rules of this Court, or the Federal Rules of Civil Procedure, may result in sanctions.

5

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Partial Dismissal Of Complaint" (Document No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendant's Motion To Strike Or Disregard Plaintiff's Surreply To Defendant's Motion For Partial Dismissal Of Plaintiff's Amended Complaint" (Document No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff shall file a Second Amended Complaint on or before **August 10, 2018**, as directed herein.

<u>The Clerk of Court is directed to send a copy of this Order to pro se Plaintiff by certified U.S. Mail, return receipt requested</u>.

**SO ORDERED**.

Signed: July 25, 2018

David C. Keesler
United States Magistrate Judge