Hand-Delivered

FILED
CHARLOTTE, NC

AUG 1 3 2018

US District Court
Western District of NC

IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF NORTH CAROLINA
CHARLOTTE DIVISION

Regina Boston,

    Plaintiff,

Case #: 3:18- CV-00155-MOC-DCK

Capital One Auto Finance, Inc.,

    Defendant.

## AMENDED VERIFIED COMPLAINT

For this Complaint, the Plaintiff, Regina Boston, hereby sues Defendant, Capital One Auto Finance, Inc, ("Capital") for violations of the Telephone Consumer Protection Act, Codified at 47 U.S.C. § 227 *et seq.* ("TCPA"),

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, (hereafter "TCPA"), 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

4. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

### PARTIES

5. Plaintiff, Regina Boston is a natural person over the age of eighteen (18), who resides in Charlotte, North Carolina; the "called party" with respect to the calls placed to her cellular telephone number, (704) xxx-2642, as further described as further described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

6. Defendant Capital One Auto Finance, Inc. ("Capital"), is a a foreign corporation, with

its principal place of business at address 1680 Capital One Drive, McLean, Virginia 22102.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Defendant Capital did transact business in Mecklenburg County, North Carolina, with its day-to-day business activities involving the collection of debt.

8. Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction inolving personal, family or household purposes.

10. Within the months of November and December 2014, Capital begin excessively calling Plaintiff's wireless cellular telephone causing Plaintiff anxiety and anger.

11. Defendant Capital engaged in conduct in violation of the TCPA, constituting intentional harassment by continuously calling Plaintiff's wireless cellular telephone (hereafter "phone") without the prior express consent of the Plaintiff especially because it would interrupt Plaintiff while she worked.

12. On November 9, 2014 Plaintiff placed a call to Capital requesting it to cease all calls to her.

13. An employee of Defendant's sent a certified letter from the "Office of the President" notifying Plaintiff that it had received Plaintiff's request.

14. On November 28, 2014 at 12:01 p.m. Capital placed calls to Plaintiff's wireless phone number, 704-XXX-2642 from **1-800-946-0332** and from **972-378-3660** using ATDS capable equipment without Plaintiff's prior express consent.

15. On December 8, 2014 particularly, Defendant harassed Plaintiff by placing as many as four calls to Plaintiff from 8:23 a.m. to 6:24 p.m.

16. On December 15, 2014 Plaintiff also mailed a cease and desist order to Capital via certified mail. [**Exhibit A attached hereto and incorporated herein as reference**].

17. Capital's conduct continued and was harassing and unreasonable as the calls would interrupt Plaintiff during times when Plaintiff was working.

18. At all times mentioned herein, Capital called Plaintiff using what appears to be an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice in an attempt to collect an alleged debt incurred by Plaintiff.

19. When Plaintiff answered the calls from Capital, she would hear a pre-recorded message which requested that Plaintiff call Capital back.

20. Often times when Plaintiff answered the phone, she would sometimes "dead air" followed by a live person.

21. Regardless of the Plaintiff's request to cease, Capital placed ten additional subsequent calls to Plaintiff's cellular telephone from December 9, 2014 to December 18, 2014. More calls may be established after a thorough review of Defendant's records.

22. Regardless that Plaintiff revoked any and all prior consent, Capital called Plaintiff again on July 28, 2015 in which Plaintiff again requested Capital to cease all calls.

23. If at one time Capital had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

24. Upon information and belief, the telephone calls that Plaintiff have identified were placed to Plaintiff's wireless phone number using an automatic telephone system ("ATDS") as defined by the Federal Communications Commission.

25. Upon information and belief, Defendant placed the calls to Plaintiff upon its own free will.

26. Upon information and belief, Defendant had knowledge that it was using ATDS to place each call to Plaintiff's wireless number.

27. Upon information and belief, Defendant intended to use an ATDS to place each of the telephone calls.

28. Upon information and belief, Defendant maintains business records that demonstrate the calls placed to Plaintiff's wireless number.

Complaint for Violations of the TCPA, FDCPA and NCDCA Page 3 of 8

Case 3:18-cv-00155-MOC-DCK   Document 23   Filed 08/13/18   Page 3 of 11

**29.** None of the telephone calls at issue placed by Defendant Capital to Plaintiff's cellular telephone number were for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(l)(A).

**30.** This complaint is brought within the statute of limitations pursuant to 47 U.S.C. § 227(b)(1).

**31.** Defendant and its parent company has been the recipient of numerous complaints and class action lawsuits from debtors, alleged debtors, non-debtors and state attorney generals, all across the country, similar to those alleged in this action by Plaintiff as well as the Consumer Financial Protection Bureau. Defendant's violations occurred during the time when Capital One Financial Corp. and Capital One Bank (USA) NA, Case No. 12-cv-00244 RSL (W.D. Wash.) ("Amadeck Action") and Case No: 1:12-cv-10064 (N.D. Ill.) were in class action litigations for violations of the Telephone Consumer Protection Act.

**32.** At the times that all of the above identified calls were received on her wireless phone, Plaintiff was the subscriber to the called number; was the sole person having custody of said phone and paid for the airtime for the called phone number.

**33.** Defendant Capital is, or should be, in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff's cellular telephone.

**34.** On August 16, 2015 Plaintiff sent a Notice of Intent to Litigate to the Defendant which was received by it on August 17, 2015 in an effort to mitigate damages and settle all claims prior to litigation. Plaintiff attempted to engage in negotiations for settlement with counsel for Defendant to no avail.

**35.** As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff have suffered emotional distress, anxiety, fear, worry, embarrassment,

anguish and frustration, time and expense over the need to file this case where Plaintiff has had no need to have to file a suit for a while.

## COUNT I
## VIOLATIONS OF THE TCPA

36. The Plaintiff incorporates by reference all of the above paragraphs 1 through 35 of this Complaint as though fully stated herein.

37. Capital continued to place automated calls to Plaintiff's cellular telephone after knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

38. Each of the aforementioned calls made by the Defendant to Plaintiff constitutes a negligent or intentional separate violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227(b)(1)(A).

39. As defined by and in violation of 47 U.S.C. § 227(b)(1)(A)(i) the calls from Capital to Plaintiff were not placed for "emergency purposes".

40. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

42. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff demands an award of treble damages in an amount up to $1,500.00 per violation pursuant to 47 U.S.C. § 227(b)(3)(C).

## DEMAND FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that judgment be awarded in her favor against the Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages of $1,500 for each violation determined to be willful and/or knowing Pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Awarding Plaintiff other and any further relief as is just and proper fees and costs incurred in this action.

## TRIAL BY JURY DEMANDED

Dated: August 10, 2018                    Respectfully Submitted,

*/s/ Regina Boston*
Regina Boston

## VERIFICATION OF COMPLAINT Case # 3:18-CV-155 MOC-DCK

STATE OF NORTH CAROLINA )
) ss
COUNTY OF MECKLENBURG )

Plaintiff, Regina Boston, hereby declares that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the foregoing Verified Amended Complaint and I believe that all of the facts contained therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause them unnecessary delay, or to create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, Regina Boston, hereby declare that the foregoing is true and correct.

Dated: August 10, 2018

By: *Regina Boston*
Regina Boston

## CERTIFICATION & AFFIRMATION OF SERVICE

I, Regina Boston, hereby certify and declare that a true and correct copy of the above and foregoing Amended Verified Complaint was mailed on August __10__, 2018, through U.S. first-class mail to the parties listed below.

Kristen P. Watson
BURR & FORMAN LLP
420 North 20th Street, suite 3400
Brimingham, AL 35203

*Regina Boston*
Regina Boston

EXHIBIT "A"

```
Return to:
Regina Boston
c/o 1220 Ballina Way
Charlotte, NC 28214
Non-domestic
```

Certified Mail Number: 7014 1200 0001 8253 2389

## NOTICE TO CEASE AND DESIST

Notice is hereby given to the following parties:

CAPITAL ONE AUTO FINANCE
P.O. BOX 60511
CITY OF INDUSTRY, CA 91716-0511

To **CEASE AND DESIST** any further communication via telephone. Any further communication with me should be in writing via the mails. Your frequent and constant calls are harassing and oppressive.

### DEMAND IS MADE

Capital One has called me over 45 times within the last year and a half; even after the class action suit to cease such abusive actions. If your oppressive tactics do not cease, I will be forced to seek my remedy in federal district court. This communication will be sent to the Consumer Financial Protection bureau as a third-party to witness of my request.

### CERTIFICATION

I, Regina Boston, under full liability, do say that I have read the above NOTICE TO CEASE AND DESIST, and do know the contents to be true, correct, and complete, and not misleading, the truth, the whole truth, and nothing but the truth.

_Regina Boston_                                   12/15/14
Regina Boston                                     Date

cc: Consumer Financial Protection Bureau

1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CAPITAL ONE AUTO FINANCE
P.O. BOX 60511
City Of Industry, CA 91716-0511

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  MDELACRUZ

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
APR 1 8 2014

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7014 1200 0001 8253 2389

PS Form 3811, July 2013     Domestic Return Receipt

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Regina Boston
1220 Ballina Way
Charlotte, North Carolina
Non-Domestic, Without the United States

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

7014 1200 0001 8253 2389

CAPITAL ONE AUTO FINANCE
P.O. BOX 60511