# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| REGINA BOSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-CV-00155-MOC-DCK |
| | ) |
| CAPITAL ONE AUTO FINANCE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.'S ANSWER TO AMENDED VERIFIED COMPLAINT

Defendant Capital One Auto Finance, a division of Capital One, N.A., incorrectly identified in the Amended Complaint as Capital One Auto Finance, Inc. ("COAF"), answers the Amended Complaint [Doc. 23], stating as follows:

## JURISDICTION

1. COAF admits that Plaintiff purports to assert a claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3). COAF also admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. To the extent Plaintiff's allegations in Paragraph 1 of the Amended Complaint are intended to stand for additional propositions, COAF denies that it committed any wrongdoing and demands strict proof thereof.

2. COAF believes the allegations contained in Paragraph 2 of the Amended Complaint regarding supplemental jurisdiction call for a legal conclusion to which no response is required. To the extent a response is required, COAF believes 28 U.S.C. § 1367 is not relevant because no state law claims are being asserted; therefore, COAF denies the allegations contained in Paragraph 2 of the Amended Complaint and demands strict proof thereof.

3. COAF believes the allegations contained in Paragraph 3 of the Amended Complaint regarding venue call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits that the applicable venue statutes speak for themselves, and denies any inconsistent allegations. COAF further admits that it transacts business in this district. COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 regarding where the alleged acts giving rise to this action took place; therefore, COAF denies these allegations and demands strict proof thereof.

4. COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint; therefore, COAF denies the allegations and demands strict proof thereof.

**PARTIES**

5. COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint; therefore, COAF denies the allegations and demands strict proof thereof.

6. COAF states that it is a division of Capital One, N.A., which is a national association with its principal place of business in McLean, Virginia. To the extent Plaintiff's allegations contained in Paragraph 6 of the Amended Complaint are intended to stand for additional propositions, COAF denies the allegations and demands strict proof thereof.

**FACTUAL ALLEGATIONS**

7. COAF admits it conducts business in the state of North Carolina. To the extent Plaintiff's allegations contained in Paragraph 7 are intended to stand for additional propositions, COAF denies the allegations and demands strict proof thereof.

8. COAF states that it is unclear what Plaintiff means by use of the phrase "sought to collect a debt" as alleged in Paragraph 8 of the Amended Complaint. COAF further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint; therefore, COAF denies the allegations and demands strict proof thereof.

10. COAF denies the allegations contained in Paragraph 10 and demands strict proof thereof.[1]

11. COAF denies the allegations contained in Paragraph 11 and demands strict proof thereof.

12. COAF denies the allegations contained in Paragraph 12 and demands strict proof thereof.

13. COAF admits it sent a letter to Plaintiff dated August 22, 2015 that was signed by a representative from the Office of the President, Capital One Auto Finance, and referenced a recent contact from Plaintiff regarding her account. To the extent the allegations contained in Paragraph 13 are intended to stand for inconsistent or additional propositions, they are denied and COAF demands strict proof thereof.

14. COAF admits it placed one call related to Plaintiff's account on November 28, 2014. COAF is without sufficient knowledge or information to form a belief as to what number would have appeared on Plaintiff's phone. COAF denies the remaining allegations contained in Paragraph 14 of the Amended Complaint and demands strict proof thereof.

15. COAF admits it placed calls related to Plaintiff's account on December 8, 2014. COAF denies the remaining allegations contained in Paragraph 15 of the Amended Complaint

---

[1] COAF notes that Plaintiff appears to have skipped Paragraph 9 in her Amended Complaint. For ease of reviewing the Amended Complaint and Answer together, COAF has numbered its responses the same way.

and demands strict proof thereof.

16. COAF admits it received a letter from Plaintiff on or around December 19, 2014. COAF further admits the letter attached to the Amended Complaint as Exhibit A speaks for itself and denies any inconsistent allegations. To the extent the allegations contained in Paragraph 16 are intended to stand for additional propositions, these allegations are denied and COAF demands strict proof thereof.

17. COAF denies the allegations contained in Paragraph 17 and demands strict proof thereof.

18. COAF states that it is unclear what Plaintiff means by the phrase "automated telephone dialer system ('ATDS' or 'predictive dialer') and/or by using an artificial or prerecorded voice" as used in Paragraph 18 of the Amended Complaint. As such, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations; therefore, the allegations are denied and COAF demands strict proof thereof.

19. COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint regarding what Plaintiff means by use of the term "pre-recorded message" or what Plaintiff would hear when she answered the phone; therefore, COAF denies these allegations and demands strict proof thereof.

20. COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint regarding what Plaintiff means by use of the term "dead air" or what Plaintiff would hear when she answered the phone; therefore, COAF denies these allegations and demands strict proof thereof.

21. COAF admits it placed certain calls related to Plaintiff's account between December 9, 2014 and December 18, 2014. COAF denies it received any request to cease calling

4

32234076 v1

Case 3:18-cv-00155-MOC-DCK   Document 24   Filed 08/27/18   Page 4 of 11

prior to December 19, 2014. To the extent the allegations contained in Paragraph 21 of the Amended Complaint are intended to stand for inconsistent or additional propositions, they are denied, and COAF demands strict proof thereof.

22. COAF denies the allegations contained in Paragraph 22 and demands strict proof thereof.

23. COAF believes the allegations contained in Paragraph 23 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF denies the allegations contained in Paragraph 23 of the Amended Complaint and demands strict proof thereof.

24. COAF states that it is unclear what Plaintiff means by the phrase "automatic telephone system ('ATDS')" as used in Paragraph 24 of the Amended Complaint. As such, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations; therefore, the allegations are denied and COAF demands strict proof thereof.

25. It is unclear what Plaintiff means by the use of the phrase "upon its own free will" as used in Paragraph 25 of the Amended Complaint. As such, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations; therefore, the allegations are denied and COAF demands strict proof thereof.

26. COAF believes the allegations contained in Paragraph 26 of the Amended Complaint call for a legal conclusion to which no response is required. COAF further states that it is unclear what Plaintiff means by the phrase "had knowledge it was using ATDS to place each call" as used in Paragraph 26 of the Amended Complaint. As such, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations; therefore, the allegations are denied and COAF demands strict proof thereof.

27. COAF believes the allegations contained in Paragraph 27 of the Amended Complaint call for a legal conclusion to which no response is required. COAF further states that it is unclear what Plaintiff means by the phrase "intended to use an ATDS" as used in Paragraph 27 of the Amended Complaint. As such, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations; therefore, the allegations are denied and COAF demands strict proof thereof.

28. COAF admits it maintains business records regarding its customers' accounts, including Plaintiff's. To the extent the allegations contained in Paragraph 28 are intended to stand for additional propositions, these allegations are denied and COAF demands strict proof thereof.

29. COAF believes the allegations contained in Paragraph 29 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF denies the allegations contained in Paragraph 29 of the Amended Complaint and demands strict proof thereof.

30. COAF believes the allegations contained in Paragraph 30 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF denies the allegations contained in Paragraph 30 of the Amended Complaint and demands strict proof thereof.

31. COAF does not believe the allegations contained in Paragraph 31 of the Amended Complaint call for a response. To the extent a response is required, COAF states that the complaints and lawsuits referenced in Paragraph 31 speak for themselves, and COAF denies any inconsistent allegations. To the extent the allegations contained in Paragraph 31 of the Amended Complaint are intended to stand for additional propositions, COAF denies the allegations and

demands strict proof thereof. COAF further denies it violated the TCPA or committed any wrongdoing and demands strict proof thereof.

32. COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32; therefore, COAF denies these allegations and demands strict proof thereof.

33. COAF admits it maintains business records regarding its customers' accounts, including Plaintiff's. To the extent the allegations contained in Paragraph 33 are intended to stand for anything further, these allegations are denied and COAF demands strict proof thereof.

34. COAF admits that it received a letter from Plaintiff dated August 3, 2015 and that it received certain additional communications from Plaintiff thereafter regarding her account. COAF admits that these communications speak for themselves. To the extent the allegations contained in Paragraph 34 of the Amended Complaint are intended to stand for additional or inconsistent propositions, COAF denies the allegations and demands strict proof thereof.

35. COAF denies the allegations contained in Paragraph 35 and demands strict proof thereof.

## COUNT I
## VIOLATIONS OF THE TCPA

36. COAF hereby repeats, realleges and incorporates Paragraphs 1 through 35 as if fully set forth herein.

37. COAF denies the allegations contained in Paragraph 37 of the Amended Complaint and demands strict proof thereof. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

38. COAF denies the allegations contained in Paragraph 38 of the Amended Complaint and demands strict proof thereof. COAF further denies that it committed any

wrongdoing and demands strict proof thereof.

39. COAF believes the allegations contained in Paragraph 39 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF denies the allegations contained in Paragraph 39 of the Amended Complaint and demands strict proof thereof. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

40. COAF denies the allegations contained in Paragraph 40 of the Amended Complaint and demands strict proof thereof. COAF further denies that it committed any wrongdoing and denies that Plaintiff is entitled any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

41. COAF denies the allegations contained in Paragraph 41 of the Amended Complaint and demands strict proof thereof. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

42. COAF denies that it committed any wrongdoing and denies that Plaintiff is entitled to the relief sought in Paragraph 42 or to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## **DEMAND FOR RELIEF**

43. COAF denies that Plaintiff is entitled to the relief sought in the WHEREFORE" Paragraph and subparagraphs 1., 2., and 3. of the Amended Complaint following Paragraph 42 and demands strict proof thereof. COAF further denies that Plaintiff is entitled any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## **JURY TRIAL DEMAND**

44. COAF admits only that Plaintiff has requested a jury.

45. COAF denies each and every material allegation not specifically admitted and demands strict proof thereof.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Telephone Consumer Protection Act does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given her consent. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt. COAF received consent to make calls to the telephone number identified by Plaintiff in the Complaint, whether through customer agreements, written, or verbal statements, or otherwise, and thus her claims are barred.

### THIRD DEFENSE

The Telephone Consumer Protection Act provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at telephone calls, statutory damages under the Telephone Consumer Protection Act could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

32234076 v1

## FOURTH DEFENSE

COAF has implemented procedures to prevent violations of law. If any violation of law occurred, which COAF expressly denies, the violation was not intentional. If any violation of law occurred, it resulted from a *bona fide* error for which there can be no civil liability.

## FIFTH DEFENSE

Some or all of Plaintiff's claims may be barred for lack of standing due to the absence of the requisite injury necessary to possess the requisite standing.

## SIXTH DEFENSE

COAF is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations.

## SEVENTH DEFENSE

Plaintiff has not alleged or experienced any actual damages which were caused by COAF, or for which COAF is liable.

## EIGHTH DEFENSE

To the extent Plaintiff has experienced any actual damages, they were the result of a superseding and/or intervening cause for which this Defendant is not legally responsible.

## NINTH DEFENSE

To the extent Plaintiff has experienced any actual damages, they were the result of entities and/or individuals for which this Defendant is not legally responsible.

## RESERVATION OF DEFENSES

COAF reserves the right to amend its Answer to the Amended Complaint at the completion of permissible factual discovery.

Respectfully submitted,

*/s/ Kristen P. Watson*
Kristen P. Watson (NC Bar No. 51410)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: kwatson@burr.com

Attorney for Defendant
CAPITAL ONE AUTO FINANCE, A DIVISION OF
CAPITAL ONE, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 27th day of August, 2018:

Regina Boston
8611 Concord Mills Boulevard, #176
Concord, NC 28027

*/s/ Kristen P. Watson*
Kristen P. Watson