**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:18-CV-155-MOC-DCK**

| | |
|---|---|
| REGINA BOSTON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAPITAL ONE AUTO FINANCE, INC., ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Petition To Waive Mediator's Fees As An Indigent" (Document No. 35) filed June 13, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

By the instant motion, Plaintiff asks "the court to waive mediation fees" because she "is without funds to pay the mediation fee based on the information in my attached affidavit." (Document No. 35, p. 1). Plaintiff's sworn and notarized "Affidavit Of Indigency" states that: she "is not able to pay for the filing fee;" "is appealing from the Mecklenburg County Superior Court to the North Carolina Court of Appeals;" and "is financially unable to pay the costs of filing this action or appeal." (Document No. 35, p. 3).

"Defendant's Response To Plaintiff's Petition To Waive Mediator's Fess As An Indigent" (Document No. 36) was promptly filed on June 13, 2019. Defendant reports that the mediation of this matter is scheduled for **June 19, 2019**, and that both Defendant and the mediator are prepared to move forward. (Document No. 36, p. 1). Defendant further reports that Plaintiff is hopeful that

the Court will decide her instant motion before June 19th, and that Defendant believes that "Plaintiff's willingness to attend the mediation may be dependent upon her request for the fees to be waived." Id. Defendant notes that it has a corporate representative in Plano, Texas who will need to secure air travel and hotel accommodations to attend the mediation. (Document No. 36, p. 1 n. 1).

As an initial matter, the undersigned finds that Plaintiff's motion is untimely. Mediation is currently scheduled for June 19, 2019, and the Court recently extended the deadline to file a mediation report from May 15, 2019 to June 28, 2019. (Document No. 34). Moreover, the record reflects that Plaintiff has not previously indicated any problem with participating in mediation, including in Plaintiff's confirmation that she would not participate in the Pro Se Settlement Assistance Program (Document No. 26) and the "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 27). In fact, Plaintiff confirmed: "I understand that I may still be required to attend a settlement conference as directed by the Court." (Document No. 26); see also Local Rule 16.2 ("All parties to a civil action must attend a mediated settlement conference, unless otherwise ordered by the Court.").

Next, the undersigned observes that Plaintiff's "Affidavit Of Indigency" is inaccurate and/or misleading. Contrary to the "Affidavit…," this matter is not an appeal from Mecklenburg County Superior Court to the North Carolina Court of Appeals, and Plaintiff *did* pay the costs of filling this action. (Document No. 35, p. 3); see also (Document No. 1). Plaintiff has also failed to cite any legal authority supporting her contention that she should not be expected to pay her share of mediation fees. (Document No. 35).

Notably, Plaintiff did not seek to appear in this matter *in forma pauperis*. As Plaintiff is aware, if she had applied to appear without paying costs, such request almost certainly would have

been denied. Plaintiff has filed at least twenty-two (22) actions in this Court since March 2012, and the Court has enjoined Plaintiff from "filing any type of IFP case in this district without leave of court." Boston v. Capital One Auto Finance, Inc., 3:15-CV-624-GCM (Document No. 3) (W.D.N.C. Jan. 6, 2016) (citing Boston v. Medicredit, Inc., 3:14-CV-355-FDW-DCK (Document No. 3) (W.D.N.C. Oct. 15, 2014)). See also Boston v. Diverse Funding Associates, LLC, 3:15-CV-681-GCM, (Document No. 20) (W.D.N.C. May 10, 2013) aff'd by 539 Fed. Appx. 292 (4th Cir. Sept. 26, 2013) and Boston v. Credit Management LP, 3:17-CV-348-FDW (Document No. 3) (W.D.N.C. July 12, 2017).

Under the circumstances, the undersigned will respectfully decline to issue an Order waiving the mediator's fee in this matter. The undersigned has no knowledge of the parties' arrangement with their mediator and expresses no opinion as to the appropriate mediator's fees with these parties.

Plaintiff is respectfully reminded that participating in meditation or alternative dispute resolution is mandatory in this district. See Local Rule 16.2; see also Local Rule 16.3. If Plaintiff fails to comply with the mediation requirement, she may be subject to sanctions that may include the dismissal of her claims and/or responsibility for the reasonable costs incurred by Defendant in preparing for and attending mediation. See (Document No. 28, pp. 4, 10)

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Petition To Waive Mediator's Fees As An Indigent" (Document No. 35) is **DENIED**. The parties' mediator shall file a report on the result of mediation on or before **July 5, 2019**. See Local Rule 16.3(c)(3).

**SO ORDERED**.

Signed: June 14, 2019

David C. Keesler
United States Magistrate Judge